# In the United States Court of Federal Claims

No. 19-10C
(Filed: April 15, 2019)
**NOT FOR PUBLICATION**

|  |  |
|---|---|
| AAKIL BEY, ) <br> ) <br> *Pro Se* Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES, ) <br> ) <br> Defendant. ) <br> ) | *Pro Se*; Lack of Subject Matter Jurisdiction; RCFC 12(b)(1); 6th Amendment; 14th Amendment; State Court Judgment; Torts. |

**ORDER OF DISMISSAL**

Plaintiff Aakil Bey, proceeding *pro se*, filed the instant complaint on December 26, 2018 alleging that Judge Raquel West, a state court judge in Beaumont, Texas violated his constitutional rights while presiding over his prosecution in 2018. Compl. at 2-3; Compl. Ex. A at 9. Specifically, Mr. Bey alleges that Judge West violated his constitutional rights under the 6th and 14th Amendments to the United States Constitution when she allowed the prosecution to proceed despite his repeated challenges to the court's jurisdiction, prevented him from cross-examining a witness, and then convicted him without sufficient evidence. Compl. at 2-3. Mr. Bey also claims these actions give rise to various torts. *Id.* at 1; Pl.'s Resp. at 2.

The government has moved to dismiss Mr. Bey's claims for lack of subject matter jurisdiction under Rule 12(b)(1) under the Rules for the United States Court of Federal Claims ("RCFC").[1] Def.'s Mot. to Dismiss (Doc. No. 8). After considering the government's motion, Mr. Bey's response, and the government's reply, the plaintiff's complaint must be dismissed.

The Tucker Act grants this court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The court must "'satisfy itself that it has jurisdiction to hear and decide a case before proceeding to the merits.'" *Hardie v. United States*, 367 F.3d 1288, 1290 (Fed. Cir. 2004) (quoting *PIN/NIP, Inc. v. Platte Chem. Co.*, 304 F.3d 1235, 1242 (Fed. Cir. 2002)). In addressing whether the court has subject matter jurisdiction, the court will consider all uncontested facts "alleged in the complaint." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988) (internal citation omitted). The plaintiff has the burden of proving jurisdiction by a preponderance of the evidence. *Id.* at 748. Although the pleadings of *pro se* plaintiffs will be held "'to less stringent standards than formal pleadings drafted by lawyers,'" *Johnson v. United States*, 411 F. App'x 303, 305 (Fed. Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), this does not relieve a

---

[1] RCFC 12(b)(1) states "a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction."

2

*pro se* plaintiff from his burden to meet jurisdictional requirements. *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007) (quoting *Kelley v. United States*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

Mr. Bey has failed to establish subject matter jurisdiction for the following reasons. First, this court does not have jurisdiction to review a state court conviction or judgment. *Enovsys LLC v. Nextel Commc'ns, Inc.*, 614 F.3d 1333, 1343 n.4 (Fed. Cir. 2010) ("we lack jurisdiction to set aside this state-court judgment); *Jones v. United States*, 440 Fed. App'x 916, 918 (Fed. Cir. 2011) ("To the extent that [the plaintiff] asked CFC to review any judgments of the Minnesota state and federal courts with respect to his criminal case, the CFC does not have authority to review such decisions"). Second, this court does not have jurisdiction to consider claims against Judge West or any defendants other than the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ([I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the [C]ourt [of Federal Claims]."). Third, it is well established that this court does not have jurisdiction to consider claims alleging violations of Due Process clause under the Fourteenth Amendment to the U.S. Constitution because the clause is not money-mandating. *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act."). Fourth this court does not have subject matter jurisdiction over Mr. Bey's Sixth Amendment claim because "the Sixth Amendment does not mandate money damages." *See Burmaster v. United States*, 744

Fed. App'x. 699, 702 (Fed. Cir. 2018). Finally, under the terms of the Tucker Act, as quoted above, this court does not have jurisdiction over tort claims. *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("[t]he plain language of the Tucker Act excludes from the Court of Federal Claims Jurisdiction claims sounding in tort") (citing 28 U.S.C. § 1491(a)(1)).

## CONCLUSION

Because this court does not have subject matter jurisdiction over any of the claims in Mr. Bey's complaint, the defendant's motion to dismiss is **GRANTED**. The clerk is directed to dismiss Mr. Bey's complaint. [2]

**IT IS SO ORDERED**.

_____
NANCY B. FIRESTONE
Senior Judge

---

[2] Mr. Bey filed a motion to proceed *in forma pauperis* on March 25, 2019 (Doc. No. 12). Mr. Bey's motion is **GRANTED** solely for the purposes of this order.